1249132.doc

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FRANK SABELLA,** | **CIVIL ACTION** |
| **Plaintiff** | **NO. 1:12-00582 -SHR** |
| v. | **Judge Rambo** |
| **NATIONWIDE MUTUAL INSURANCE COMPANY,** | **JURY TRIAL DEMANDED** |
| **Defendant** | |

### DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

Defendant, Nationwide Mutual Insurance Company, hereby moves to dismiss the action because:

1. This lawsuit arises from a claim by for Plaintiff for underinsured motorist ("UIM") benefits following a motor vehicle accident. (See Complaint, ¶10.)

2. At the time of the accident, Plaintiff was insured pursuant to the terms of an insurance policy issued by Defendant, Nationwide Mutual Insurance Company ("Nationwide").

3. Pursuant to the terms of the insurance policy, the UIM claim proceeded to arbitration. (See Complaint, ¶10.)

1249132.doc

4. The arbitrators determined the value of Plaintiff's damages to be $100,000. (See Complaint, ¶13.)

5. The policy limit for the tortfeasor's liability coverage was $300,000. (See Complaint, ¶12.)

6. Each of Plaintiff's causes of action are based upon his belief that he is entitled to the $100,000 that the arbitrators determined to be the value of Plaintiff's damages.

7. Under Pennsylvania law, however, Nationwide is entitled to a credit in the full amount of the tortfeasor's liability coverage, and, as such, Plaintiff is not entitled to any UIM benefits because the value of his damages did not exceed the maximum liability coverage provided by the tortfeasor's liability carrier. See Boyle v. Erie Ins. Co., 441 Pa.Super. 103, 109, 656 A.2d 941, 944-943 (1995)("the insureds will not be allowed underinsured motorist benefits unless their damages exceed the maximum liability coverage provided by the liability carriers of other drivers involved in the accident; and their insurer will, in any event, be allowed to credit the full amounts of the tortfeasors' liability coverages against the insureds' damages.").

8. Therefore, the Complaint fails to state a claim upon which relief can be granted.

1249132.doc

9. In accordance with LR 7.1, counsel for Nationwide sought the concurrence in the motion from Plaintiff's attorney, Matthew B. Weisberg. The concurrence was denied.

WHEREFORE, Defendant, Nationwide Mutual Insurance Company, hereby requests that judgment be entered in its favor and that Plaintiff's Complaint be dismissed with prejudice.

          Respectfully submitted,

          **DICKIE, MCCAMEY & CHILCOTE, P.C.**

            /s/ *Bryon R. Kaster,* **Esquire**
          **Bryon R. Kaster, Esquire**
          **Attorney I.D. No.: 91707**
          **bkaster@dmclaw.com**
          **425 North 21st Street, Suite 302**
          **Camp Hill, PA 17011**
          **(717) 731-4800**
          *Counsel for Nationwide*