IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FRANK SABELLA,** | : |
| **Plaintiff** | : **No. 1:12-CV-00582** |
| v. | : |
| **NATIONWIDE MUTUAL INSURANCE COMPANY and JOHN DOES 1-10,** | : **Judge Sylvia H. Rambo** |
| **Defendants** | : |

## **M E M O R A N D U M**

Before the court is Defendant, Nationwide Mutual Insurance Company's ("Nationwide" or "Defendant"), motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Doc. 7.) For the reasons set forth below, the motion will be granted.

**I.      Background**

      **A.      Facts[1]**

Invoking this court's diversity jurisdiction, Plaintiff filed this lawsuit bringing a claim for underinsured motorist ("UIM") benefits following a motor vehicle accident. The complaint sets forth claims for declaratory judgment (Count I), bad faith (Count II), and breach of contract (Count III) arising out of Nationwide's alleged failure to pay UIM benefits to Plaintiff in accordance with the terms of an insurance policy issued to Plaintiff by Nationwide. (*See* Doc. 1, Compl.)

On May 20, 2008, Plaintiff filled a lawsuit in the Court of Common

---

[1] As required when deciding a motion to dismiss, the court will accept as true all properly-pleaded factual allegations contained in the complaint.

Pleas for Lancaster County bringing a claim for first party medical benefits (the "Lancaster lawsuit"). (*Id.* ¶ 9.) Around the same time, Plaintiff filed the present UIM action. (*Id.* ¶ 10.) Because the parties were unable to agree to the amount of damages, the UIM action proceeded to arbitration pursuant to the terms of the policy. (*Id.* ¶ 11.) At the arbitration, the panel of arbitrators found the valuation of damages to be $100,000.00. (*Id.* ¶ 13.) The arbitrators stated:

> After deliberation upon the evidence presented, the Board of Arbitrators arrived at the monetary award for the claimant, Frank Sabella. The arbitrators unanimously agreed upon a valuation of the damages of $100,000.00 for all damages. This amount has not been molded by the arbitrators and does not reflect what may have happened in the third-party action.

(*Id.*)

It is undisputed that the policy limit for the tortfeasor's liability coverage was $300,000.00. (*Id.* ¶ 12.) Following the arbitrators' decision, Nationwide did not mold the award. (*Id.* ¶ 14.) Had Nationwide done so, the parties are in agreement that, by operation of law, Nationwide would have been entitled to a credit in the amount of the tortfeasor's liability coverage, here, $300,000.00, thus reducing the $100,000.00 award to zero. (*Id.*)

On January 31, 2011, Plaintiff and Defendant executed a settlement agreement in the Lancaster County lawsuit. (*Id.* ¶ 15.) On March 3, 2011, Plaintiff filed a motion to confirm the UIM arbitration award under the Lancaster lawsuit docket. (*Id.* ¶ 16.) Defendant opposed the motion to confirm the award, arguing that decision was not an "award," but a "valuation of Plaintiff's damages."[2] (*Id.* at 16.)

---

[2] The court notes that the arbitrators referred to the $100,000.00 as both an "award" and a "valuation of damages." (*See* Doc. 1, ¶ 13.) In light of the court's holding explained below, the court
(continued...)

As part of Defendant's opposition to the motion, Defendant produced an affidavit from the arbitrators dated March 28, 2012, that was allegedly obtained in an *ex parte* manner. (*Id.* ¶ 17.) The affidavit, attached to the complaint as Exhibit E, states:

> Our determination of the $100,000.00 total value of the case was made without knowledge of the third party limits. Pursuant to agreement of counsel, we only learned of the third party limits after we made our determination of the total valuation of the case. Thus, it is our understanding that in light of the third party policy limits, there was to be no award of underinsured motorist benefits and it was not our intent to award underinsured motorist benefits.

(*Id.* ¶ 17; Ex. E.)

While the motion to confirm the UIM arbitration award was pending, a praecipe to settle, discontinue and end the case was filed on the Lancaster County lawsuit docket, presumably mooting the motion to confirm. (*Id.* ¶ 19.) In the case before this court, Plaintiff is seeking a declaration "that the arbitration award is deemed a final judgment in the amount of $100,000 in light of the award and in light of Defendant's failure to mold that award" and requesting damages in the amount of the award. (*Id.* ¶ 24.) Plaintiff's bad faith and breach of contract claims (Counts II and III) are derivative to his belief that he is entitled to the arbitration award of $100,000.00.

### B. Procedural History

Nationwide filed the instant motion to dismiss (Doc. 7) on May 8, 2012, followed by a brief in support of the motion (Doc. 8) on May 22, 2012. On June 11, 2012, Plaintiff filed a brief in opposition to Nationwide's motion (Doc. 11) to which

---

[2] (...continued)
need not address the argument that there is a legal distinction between an "award" and a "valuation of damages" and will use the terms interchangeably in this memorandum.

Nationwide replied on June 25, 2012 (Doc. 12). Thus, the motion is ripe for disposition.

## II.         Legal Standard

When presented with a motion to dismiss for failure to state a claim, the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions," *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009), and ultimately must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint must do more than allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Fowler,* 578 F.3d at 211 (citations omitted). As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a) (alterations in original).) In other words, a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id*.

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998

F.2d 1192, 1196 (3d Cir. 1993) (citations omitted); *see also Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). The court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit*, 998 F.2d at 1196. Additionally, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (citation omitted); *see also U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.") (internal quotation omitted). However, the court may not rely on other parts of the record in making its decision. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

### III.     Discussion

It is undisputed that, had Defendant moved to mold the arbitrators' award of $100,000.00, the award would be reduced to $0 in light of Nationwide's credit entitlement. (*See* Doc. 1 ¶ 14; Doc. 11 ¶ 7.) Numerous courts have held that insureds may only recover UIM benefits to the extent that their awarded damages exceed the maximum liability coverage provided by the liability carriers of other involved motorists and that the insurer will be allowed to credit the full amounts of the tortfeasors' liability coverages against the insureds' damages. *Bremer v. Prudential Prop. & Cas. Ins. Co.*, 2004 U.S. Dist. LEXIS 16960, *10-11 (M.D. Pa.

Aug. 18, 2004) (citing *Boyle v. Erie Ins. Co.*, 656 A.2d 941, 943-44 (Pa. Super. Ct. 1995)). As Judge Caputo explained in *The Standard Fire Ins. Co. v. Victoria Wagner*, "[t]he UIM carrier should receive credit up to the policy limits of the liability carrier. This makes good sense since underinsurance benefits should be just that *viz* coverage when there is not enough coverage to compensate the plaintiff from the liability carrier. The only way to assure this agreement between an insurer and its insured is to give the underinsured carrier a credit in circumstances where liability coverage was not exhausted." 2006 U.S. Dist. LEXIS 42853, *10 (M.D. Pa. June 26, 2006).

In this case, the arbitrators' valuation of damages was $100,000.00, which is less than the tortfeasor's liability coverage limit of $300,000.00. The only legal issue to be resolved is whether Defendant's failure to subsequently move to mold the award (which would have reduced the award to zero) resulted in the award being deemed final and binding. Plaintiff argues that Defendant's failure to mold the award results in the award being deemed a final judgement, thereby entitling him to $100,000, plus pre- and post-award interest. Defendant argues to the contrary, stating that because the damages did not exceed the maximum liability coverage provided under the tortfeasor's policy, Plaintiff is not entitled to any UIM benefits.

As a preliminary matter, Plaintiff urges the court to strike the arbitration panel's affidavit on the grounds that it is irrelevant, hearsay, and it was obtained in an *ex parte* fashion. The court disagrees for two reasons. First, Plaintiff attached the affidavit as Exhibit E to his complaint. (Doc. 1 ¶ 17 and Ex. E.) Specifically, Plaintiff avers in the complaint "As part of Defendant's opposition to the motion to confirm, Defendant produced an *ex parte* retrieved affidavit from the arbitrators.

(Exh. E.)" (*Id.* ¶ 17.) As stated above, "[t]o decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, *exhibits attached to the complaint* and matters of public record." *Pension Benefit Guar. Corp.,* 998 F.2d at 1196 (emphasis added). Moreover, to the extent that the arbitrators' award is ambiguous, the court may accept evidence regarding the arbitrators' intended award. *See Hall v. Nationwide Mut. Ins. Co.*, 629 A.2d 954, 957 n. 4 (Pa. Super. Ct. 1993) ("Had appellant contended that the award itself was ambiguous, the court would have had the opportunity to determine whether to accept evidence regarding the arbitrators' intended award.")[3] Thus, the court will not strike the arbitration panel's affidavit.

The primary issue to be resolved, whether the procedural failure to mold an arbitrator's award of damages that is less than the tortfeasor's liability coverage renders the award final and binding, appears to be an issue of first impression. The parties have not cited to, and the court has not uncovered, any case that is precisely on point. As explained below, the court finds that a party's failure to mold under these circumstances does not render the arbitrators' award final and Nationwide is entitled to a credit of $300,000.00. Accordingly, the amount of UIM coverage owed by Nationwide is $0.00.

In *Bremer*, 2004 U.S. Dist. LEXIS 16960, the court's analysis began with citation to the insurance policy's "exhaustion clause." The insurance policy implicated in this case contains an exhaustion clause very similar to the one in *Bremer*, and states "No payment will be made *until the limits of all other auto*

---

[3] Plaintiff does not argue specifically that the award was ambiguous, but does cite to several cases that stand for the proposition that a party "must raise irregularities in the arbitration process in a timely petition to vacate or modify an arbitration award." (Doc. 12 at 5.)

*liability insurance and bonds that apply have been exhausted* by payments." (Doc. 1-2, Plaintiff's insurance policy) (emphasis added.) The court in *Bremer* endorsed the public policy of exhaustion clauses, stating that:

> Exhaustion of limits clauses provide coverage in excess of liability available for injuries in question. Affording the underinsured carrier a credit for the total liability limits of multiple tortfeasors enables a plaintiff to negotiate recovery with the insurance carriers of all responsible parties, regardless of the recovery of liability limits, while at the same time restricting the underinsured carrier's liability to the excess coverage it contracted to provide.

2004 U.S. Dist. LEXIS 16960, at *12-13; *see also Disantis v. Allstate Ins. Co.*, 1996 U.S. Dist. LEXIS 5320 (E.D. Pa. April 19, 1996) (denying recovery of UIM benefits because plaintiff's coverage limits ($750,000) exceeded plaintiffs' judgment ($326,999.17)).

The only authority Plaintiff points to that suggests that Defendant should have molded the arbitration award is Pennsylvania Rule of Civil Procedure 227.1(c), which provides that the filing of post-trial motions must take place within ten days after a verdict or notice of nonsuit. Pa. R. Civ. P. 227.1(c). Plaintiff also points to case law that states that any challenge to an arbitration award must done by filing a petition to vacate or modify an award within thirty days of the date of the award, and that a party must allege irregularities in the arbitration process in order to vacate or modify the award. (Doc. 11 at 8) (citing *Hall*, 629 A.2d 954; *Beriker v. Permagrain Prod. Inc.*, 500 A.2d 178 (Pa. Super. Ct. 1985); *Lowther v. Roxborough Mem'l Hosp.*, 738 A.2d 480 (Pa. Super. Ct. 1999)). The court is unmoved by this argument because there is no evidence or argument that the arbitration award was "irregular" necessitating modification or vacating the award. To the contrary, the

arbitrators clearly and unequivocally found the value of Plaintiff's damages to be $100,000.

Thus, Plaintiff has not identified any rule or case law that *requires* a party to move to mold an arbitration award under these circumstances. Rather, the terms of the policy, specifically the exhaustion requirement, dictate that no payment be made until the limits of all other auto liability insurance and bonds have been exhausted. Although it might have been in Nationwide's best interest to move to mold an award for the sake of thoroughness, nothing on the record convinces this court that the terms of the policy and well-settled case law should be trumped by a failure to mold. This finding is consistent with the arbitration panel's statement that "it is our understanding that in light of the third party policy limits, there was to be no award of underinsured motorist benefits and it was not our intent to award underinsured motorist benefits." (*Id*. at 17; Ex. E.) The court's holding is also consistent with Pennsylvania's public policy against recovering twice for same injury. *See Pusl v. Means*, 982 A.2d 550, 555 (Pa. Super. Ct. 2009). A contrary holding would have allowed Plaintiff to recover $100,000.00 from the tortfeasor *and* Nationwide. As the court found in *Pusl*, "Appellant's receipt of both the full jury award from [tortfeasors] and the pre-trial UIM settlement from State Farm would constitute 'double recovery' that the [Pennsylvania Motor Vehicle Responsibility Law] was specifically designed to prevent." *Id.* at 556.

Accordingly, it is apparent from the complaint, and documents attached thereto, as well as from relevant caselaw, that Plaintiff is not entitled to any UIM benefits because his damages did not exceed the maximum liability coverage

provided by the third-party tortfeasor's insurance policy.  Thus, Plaintiff's claims fail as a matter of law.

Plaintiff requests the opportunity to file an amended complaint in the event the court grants Nationwide's motion.  Generally, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Whether to grant or deny the motion is within the district court's discretion. *Foman v. Davis*, 371 U.S. 178, 182 (1962).  A court may deny a motion for leave to amend if "(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003).  Here, in light of the court's holding that Plaintiff's claims fail due to Nationwide's credit entitlement, the court finds that amending the complaint would be futile. Accordingly, this request will be denied.

An appropriate order will issue.

s/Sylvia H. Rambo<br>United States District Judge

Dated:  August 14, 2012.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FRANK SABELLA,** | : |
| **Plaintiff** | : No. 1:12-CV-00582 |
| v. | : |
| **NATIONWIDE MUTUAL INSURANCE COMPANY and JOHN DOES 1-10,** | : Judge Sylvia H. Rambo |
| **Defendants** | : |

## **O R D E R**

In accordance with the above memorandum, it is **HEREBY ORDERED** as follows:

     1. Defendant's motion to dismiss (Doc. 7) is **GRANTED**.

     2. Plaintiff's request to file an amended complaint is **DENIED**.

     3. The Clerk of Court is directed to close the case.

                                                s/Sylvia H. Rambo
                                                United States District Judge

Dated: August 14, 2012.